THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARIO MINUTO, Appellant. — Appeal by defendant from a judgment of Supreme Court, Queens County, rendered June 20, 1973, convicting him of murder and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, new trial ordered and case remanded to the trial court for further proceedings not inconsistent herewith. At the trial a statement obtained by an Assistant District Attorney was received into evidence. The statement was taken from defendant at a time when he had been indicted for the crime for which he was ultimately convicted. It is true that that indictment was subsequently superseded, but for all intents and purposes the interrogation of defendant by which the statement was procured concerned the crime of which he was accused. At the questioning by the Assistant District Attorney defendant was without counsel and no counsel had yet been assigned to him. It further appears that

prior to the taking of the statement, but on the same day, defendant was interrogated by the same Assistant District Attorney. At tnat time, upon the warnings mandated by *Miranda* v. *Arizona* (384 U. S. 436), defendant requested counsel. The Assistant District Attorney then ended his questioning and attempted to communicate with the Legal Aid Society so that defendant might be afforded counsel. The record is unclear as to the exact efforts of the Assistant District Attorney or as to the results of his efforts. Following this abortive questioning, defendant was removed to a hospital and received unknown ministrations. After returning to the District Attorney's office, defendant was again questioned and his statement was taken after the *Miranda* warnings were again given. At the hearing held to suppress the statement, it was not disclosed by the People that the first questioning had occurred and that at that time defendant requested counsel. It was not until the trial and upon cross-examination of a detective that this fact became known. It is also conceded by the prosecution that the Assistant District Attorney questioning defendant was unaware that defendant had already been indicted for the crime concerning which he was being questioned. The People consent that the case be remanded to the trial court for a further hearing as to whether defendant waived his right to counsel prior to making the statement used against him at the trial. Under these circumstances, it is our opinion that the judgment should be reversed and a new trial held. In addition, there should be a hearing as to whether the statement taken from defendant should be suppressed, in the light of all of the circumstances in this case. In our view, it was impermissible for the People to interrogate defendant after indictment and after defendant requested counsel (*People* v. *Waterman*, 9 N Y 2d 561; *People* v. *Di Biasi*, 7 N Y 2d 544; *People* v. *Gunner*, 15 N Y 2d 226), unless there was a clear waiver by defendant (*People* v. *Lopez*, 28 N Y 2d 23; *People* v. *Wooden*, 31 N Y 2d 753). Consequently, it is necessary that the facts be fully explored as to defendant's actions and demeanor, including his physical condition, and as to the medication received by him prior to and at the time of the taking of the statement. Hopkins, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.